ABEL CHANEY, JR. *v.* ABEL CHANEY, SR.

[Abstract Kentucky Law Reporter, Vol. 7—664.]

**Setting Aside a Conveyance on Account of Failure of Consideration.**
    A husband conveyed his real estate to his wife for life with remainder to his grandson for consideration of love and affection, "provided (to use the language of the deed) said May Chaney (his wife) continued to live with said first party, as his wife during his lifetime," it was held where she refused to live with him, but violated her marital vow and married another, that the grantor might have the deed canceled as to her, but not as to his grandson.

APPEAL FROM PIKE CIRCUIT COURT.

March 6, 1886.

OPINION BY JUDGE PRYOR:

On the 14th of March, 1877, Abel Chaney, Sr., conveyed to his wife, May Chaney, and to his grandson, Abel Chaney, Jr., a tract of land in the county of Pike to have and to hold by the wife during her life, remainder in fee to the grandson, and reserving to the grantor a life estate in the same. The consideration expressed was $1 and the love and affection he had for the wife and grandson, "provided (to use the language of the deed) said May Chaney continued to live with said first party as his wife during his lifetime." The husband filed this petition to cancel the conveyance alleging that not long after its execution the wife violated her marital vow, proved unfaithful to the husband, and was then the wife of her co-respondent, Thacker. The grandson, who was remainderman, was also made a defendant, and upon the hearing the conveyance was canceled and the title in fee restored to the appellee.

We find no appeal on the part of Thacker and wife, and consider the case only on the appeal of the grandson.

It will be seen that the wife has an estate for life based on the consideration of love and that she would remain true to the husband so long as he lived; and upon the failure to comply with the terms of such an agreement, it can be reformed as against her. The conveyance, being voluntary, furnishes us reason for canceling the conveyance in so far as it affects the rights of the remainderman. The consideration of love and affection was sufficient to uphold the deed as to him, and that which was regarded by the court below as the consideration for its execution to both the grantees must be held to apply to the wife only, and not to the grandson. We infer from the pleadings that the appellee has been divorced from Mrs. Thacker.

For the reason indicated the judgment below is *reversed* as to Able Chaney, Jr., and remanded for proceedings consistent with this opinion.

*J. E. Stewart, for appellant.*